IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA DAVENPORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:02cv169 |
| | )[WO] |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

This matter is before the court on Plaintiff's ["Davenport"] Motion for Attorney's
Fees (Doc. # 18) pursuant to the Equal Access to Justice Act ["EAJA"].  28 U.S.C. § 2412
(2004).  The defendant ["Commissioner"] initially objected to the amount sought, but the
parties have since stipulated to a mutually acceptable amount (Docs. # 21, 22).  Davenport's
motion also includes a request that the fees be awarded directly to her attorney.  For the
reasons discussed herein, the motion for fees is granted, though not to the extent requested.
The plaintiff's request to award the fees directly to her attorney is denied.


**I.   DISCUSSION**

On 3 September 2002, the court entered an order reversing and remanding a final
decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2004).  Thus,

the plaintiff is the prevailing party, and the court finds that the government's position was not substantially justified. In addition, the plaintiff's application for fees, which was filed within thirty days after the deadline for appealing the court's judgment, was timely. All that remains for the court to consider is the amount to award. 28 U.S.C. § 2412(d) (2004).

Davenport originally requested an award of fees totaling $3,788.87, which reflects 16.35 attorney hours at an hourly rate of $144.58 and 23.75 paralegal hours at an hourly rate of $60.[1] In addition, the plaintiff sought $71.01 for copying, courier and postage expenses (Doc. # 18). After initially objecting that the request was excessive and not supported by evidence, the Commissioner represented that she had no objection to a total fee award of $3,139.71 and an award of an additional $37.58 for expenses (Docs. # 20, 21). Davenport then informed the court that she and the Commissioner had agreed to the amount suggested by the Commissioner (Doc. # 22).

As discussed in more detail *infra*, although the hourly rate requested for legal and paralegal work is within reason, the requested hourly rate for the attorney fees is nevertheless impermissibly high as a matter of law. In addition, the hours billed for paralegal services are excessive and the amount originally sought for expenses unsupported by the evidence, as the Commissioner originally noted. While the court considers the parties' compromise a showing of good faith, the amount agreed upon is nevertheless excessive, though only

---

[1] Although Micki Beth Stiller ["Stiller"] was Davenport's counsel of record, attorney Charles L. Martin ["Martin"] also worked on Davenport's case. Because the hours billed by the attorneys themselves are not duplicative or excessive and therefore do not require further discussion, the court does not distinguish between them when referring to the hours billed for attorney time.

2

slightly so.

### A.      Hourly Rates and the No Interest Rule

"The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate." *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997).    To determine the appropriate rate, courts in the Eleventh Circuit must engage in a two-step analysis. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the EAJA's $125 per hour cap on fees. 28 U.S.C. § 2412(d)(2)(A); *see Meyer*, 958 F.2d at 1033. If so, the court must "determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor." *Meyer*, 958 F.2d at 1033-34; *see also* § 2412(d)(2)(A).

Davenport has submitted uncontested evidence that leads the court to conclude that the prevailing market rate for her attorneys' services exceeds both the statutory ceiling and the hourly rate upon which her request is based. Furthermore, the court takes judicial notice of opinions that have approved similar fees in this area. *See*, *e.g.*, *East v. Barnhart*, 377 F. Supp. 2d 1170 (M.D. Ala. July 18, 2005) ($151.13); *Thornton v. Barnhart*, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); *Ballard v. Barnhart*, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63); *Hubbard v. Barnhart*, 99-M-969-N, 2002 WL 596385, at * 4 (M.D. Ala. Apr. 16, 2002) ($150). Therefore the hourly rate sought is reasonable, and the court must

3

determine whether an adjustment is warranted.[2]

No special factors have been alleged, but the court finds that the increase in the cost of living since the EAJA was amended in 1996 to raise the attorney fee cap to $125 merits an inflationary adjustment.  In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States.  *See Library of Congress v. Shaw*, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); *Sorenson v. Mink*, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); *Kerin v. U.S. Postal Svc.*, 218 F.3d 185, 194 (2d Cir. 2000) (same); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); *Marcus v. Shalala*, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); *Perales v. Casillas*, 950 F.2d 1066 (5th Cir. 1992); *Chiu v. U.S.*, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also U.S. v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

The requested attorney fees reflect a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in July 2002, more than one month before judgment was entered and approximately five months after Davenport's attorneys began accounting for their time, i.e. February (Doc. # 18, pp. 6-10). This court has previously determined, however, that the prohibition on interest charges

---

[2] For similar reasons, the court finds that the hourly rate requested for Davenport's counsel's legal assistant, who specialized in social security disability cases and billed for work commonly performed by an attorney, is reasonable (Doc. # 18, pp. 17-18).  *See Surge v. Massanari*, 155 F. Supp. 2d 1301, 1308 (M.D. Ala. 2001) (approving fee of $55 per hour for paralegal work).

against the government without an express waiver requires the inflationary adjustment to be based on the CPI calculated for the month in which counsel began accounting for his or her services in a particular case. *East*, 377 F. Supp. 2d at 1175-77. Of course, if the requested CPI is lower, no risk of an interest charge exists. Because the CPI for February 2002 was lower than that for July 2002, though, adopting Davenport's calculation would result in an impermissible interest charge against the government. Utilizing the CPI for February 2002, which was 177.8, results in an inflationary adjustment of 13.32% or $16.65 per hour. The permissible attorney fee, then, is $141.65 per hour. Obviously, this adjustment has no affect on the paralegal fees requested.

**B.    Billed Hours**

The court has carefully reviewed the schedule of services Davenport submitted and has determined that the hours claimed for the work performed by Martin's assistant are excessive. Specifically, his assistant is alleged to have spent approximately 11.5 hours drafting arguments that Martin found largely unhelpful, as indicated by an entry that stated as follows:

> Revise brief, reduce length (already 27 pages *w/o most of argument*), *replace argument* (draft argument by paralegal does not address conflict between ALJ and AC decision, although it contains components I can utilize in other arguments).

(Doc. # 18, p. 8). Martin then spent an additional 9.3 hours finishing the brief, which ultimately was only 19 pages long. *Id.*

5

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed . . .."  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) *quoted in Surge*, 155 F. Supp. 2d at 1307.  Because an attorney could not conscionably bill for the time admittedly wasted, and with no means of determining precisely the time lost as the result of the paralegal's misstep(s), the court finds that the hours billed at the paralegal rate should be reduced by 11.5 for a total of 12.25.  Factoring in the reduction, the total time billed for working on the brief itself, including time spent by Stiller, Martin and Martin's paralegal, is 22.05 hours, which is reasonable under the circumstances.

## C.   Expenses

Davenport's itemized schedule of expenses details expenditures for photocopies, couriers and postage totaling $37.58 (Doc. # 18, p. 9).  Inexplicably and without explanation, she has requested $71.08 for expenses.  The court will award her request to the extent that it is supported by the evidence.

## D.   Prevailing Party

Davenport has requested that any award be paid directly to her counsel.  The EAJA, however, authorizes an award to the "prevailing party" and does not empower the court to direct payment to the party's legal counsel.  *Contrast* 28 U.S.C. § 2412(d)(1)(A) *with* 42 U.S.C. § 406(b) (allowing the Commissioner to certify payment to the claimant's attorney).  *See Panola*

6

*Land Buying Ass'n v. Clark*, 844 F.2d 1506 (11th Cir. 1988); *Miles v. Bowen*, 632 F. Supp. 282

(M.D. Ala. 1986) ("[T]he EAJA allows an award . . . to a party. . . .").

As the Court of Appeals has noted,

> Since *Alyeska Pipeline Svc. Co. v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975), in the absence of a contractual agreement between the parties, applicable state law in appropriate cases, or one of the common law exceptions to the American rule, federal courts have not been empowered to award attorneys' fees unless authority has been specifically conferred upon them by federal statute.  To date over 130 statutory grants of authority having to do with particular types of litigation have been enacted by Congress.  Practically all of them confer the right to recover attorneys' fees upon the parties themselves, rather than upon the attorneys. [Samuel R.] Berger, *Court Awarded Attorney's Fees*, 126 U. PA. L. REV. [281, at] 304 [(1977)].  It has not been unusual for those of us in the legal profession subjectively to consider that such fee provisions were enacted for the benefit of the Bar, but that is not the case.  They were enacted for the benefit of the persons the statutes are designed to reach.  They proceed from the assumption that the wealth of the party shall not determine the party's capability to enforce the rights conferred by the statute.

*Panola*, 844 F.2d at 1510-11.


## II.   CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that:

1.     Davenport's motion be GRANTED in part and DENIED in part;

2.     Davenport be awarded fees in the amount of $3,050.98, reflecting 16.35 attorney hours at an hourly rate of $141.65 and 12.25 paralegal hours at an hourly rate of $60; and

3.     Davenport be awarded expenses in the amount of $37.58.

DONE this 4th day of November, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE